## SUPREME COURT.

In the matter of the appeal of JOSEPH SCHREIBER from action of the common council of the city of Utica in relation to the opening and extension of Erie street in said city.

*Opening of streets in city of Utica — what proceedings necessary — Laws of 1862, chapter 18 — Appeal.*

The provisions of the statute (*Laws of* 1862, *chap.* 18) in relation to the duties of the common council of the city of Utica, in proceedings for the opening and extension of streets in that city, must be strictly followed.

By section 85 of the charter, if the common council, under its provisions, after hearing the parties interested, should determine to make the improvement, *it is obligatory on them to enter in its minutes a resolution declaring such determination.* An omission to comply with section 85 is fatal to all the proceedings which followed.

On an appeal from action of the Utica common council, the original papers were filed with the county clerk in time, but the copies were not served until the twenty-first day after the second report of the commissioners appointed therefor had been filed. The objection is taken at the hearing of the appeal, that the appeal papers were not served in time:

*Held* that the respondent should have moved to dismiss the appeal, and not having done so and allowing a special term to pass, he waived his right.

*Oneida Special Term, July* 18, 1877.

THIS was an appeal from action of the Utica common council, brought into this court pursuant to the provisions of the Utica charter, which is chapter 18, Laws of 1862.

The charter requires that the appeal be made by serving upon the clerk or mayor, or city clerk, a copy of the appeal papers, affidavits, &c., within twenty days after the second

report of the commissioners appointed to open the said street was filed with the city clerk ; and by filing the original appeal papers with the county clerk within the same number of days.

The original papers were filed with the county clerk in time, but the copies were not served until the twenty-first day after the second report of the commissioners appointed therefor had been filed.

The city charter requires that within thirty days after the appeal is taken, the common council shall return, under the city seal, certified copies of all the proceedings of the common council in relation to the matter, and file the same with the county clerk, and that the hearing on said appeal shall come on at the next special term thereafter.

One special term passed and thereafter, and within the thirty days allowed therefor, the city filed said return with the county clerk. No motion to dismiss the appeal was made, and objection that the appeal was not made in time, that the papers were not served within the twenty days, was first taken on the argument of the appeal. Other facts appear in the opinion.

*Lindsley & Dunmore,* for appellant.

*O. A. White,* for respondent.

Noxon, *J.* — This is an appeal to the supreme court from the action and proceedings of the common council of the city of Utica, in extending Erie street in said city to Whitesboro street. A petition for such purpose was presented to the common council on June 4, 1875, and on that day referred to the committee on streets and bridges. At the meeting held on that day a resolution was adopted directing the clerk to publish legal notice that the council intended to extend Erie street to Whitesboro street, and that the council would act thereupon at a meeting to be held June eighteenth. In the

return of the appeal no such notice appears to have been published, and no meeting of the council appears to have been held on June eighteenth. On the 2d of July, 1875, at a meeting of the council, a resolution was adopted directing the city surveyor to ascertain and report the expense of the improvement, and as to other matters required by section 84 of the city charter. At a meeting of the council, July 16, 1875, the city surveyor made a report in pursuance of the resolution of July second. At said meeting a resolution was adopted that the clerk publish legal notice requiring all persons interested in the matter of extending and opening Erie street to attend a meeting of the council, to be held August sixth, and that application would be made to the recorder's court, August ninth, at 4 P. M., for the appointment of commissioners therefor. The city surveyor in his report reported as to the expense of the improvement; that no part of the expense should be borne by the city; that property required to be appropriated, naming Mrs. Ballou, lot 68, Downer & Kellogg, lot 69, Thompson & Wilcox or R. B. Smith, lot 70, and referred to a map made and filed July 13, 1875, with the city clerk. The property that might be benefited was also contained in the report. Pursuant to said resolution a notice was published in the three official papers of the city that the council had determined to lay out, open and extend Erie street, and that no agreement had been made for the purchase of the land deemed necessary for the extension, and notified all persons interested that they would be heard, if desired, at a meeting to be held August sixth, and that the report of the surveyor (which was annexed to the notice) described the land necessary for the improvement and the portion of the city deemed benefited thereby, and that application would be made to the recorder August ninth, for the appointment of commissioners to ascertain damages and to apportion and assess the same. By section 84 of the charter (*chap.* 18, *Laws of* 1862) the common council had no authority to determine to make the improvement prior to making the order that an

officer of the city make the report referred to in said section. The notice specified in said section was for a meeting to be held August sixth, and at that time the council was to proceed and hear the allegations of the owners and occupants, and after hearing the same, make such further order in respect to the improvement as it should deem proper (*Section* 84 *of charter*).

From the return of the common council to the appeal it does not appear that any meeting was held on the sixth of August, or at any other time, at which a hearing was had. The proceedings do not show that there ever was a determination of the common council to make the improvement. By section 85 of the charter, if the common council, under its provisions, after hearing the parties interested, should determine to make the improvement, it was obligatory on them to enter in its minutes a resolution declaring such determination. The notice first published on the 29th of July, 1875, setting forth that the common council had determined to extend the street, has no tendency to show any determination. If any determination was had or made, it could not have been prior to August sixth, and in the absence of any evidence showing the action and determination of the common council, by resolution or otherwise, the whole proceeding was, and is utterly void. The provision of the statute in these cases must be strictly followed. The omission to comply with section 85 is fatal to all the proceedings which followed. By section 87, a copy of a resolution of determination, together with a map, is to be filed in the city clerk's office. The map is returned, but no resolution. By section 88, a notice of eight days is to be published of the application to the court, for the appointment of commissioners, and a copy of the notice is to be served upon the owner, five days before the time. The time to appear was August ninth. The hearing was in fact had August 16, 1875, and no evidence is given of an adjournment or postponement of court from August ninth to August sixteenth. On the thirteenth of August the com-

Matter of Schreiber.

mon council adopted a resolution that the chairman of the committee on streets, with the city attorney, appear before the recorder August sixteenth, to apply for commissioners to ascertain damages, &c.   The resolution was not published, and the same was not authorized by the charter.   In view of the errors accompanying this proceeding, and the disregard of the plain provisions of the statute, I am constrained to hold the whole proceeding void.   The objection is taken at the hearing of the appeal that the appeal papers were not served in time. The papers were actually filed in time.   The respondent should have moved to dismiss the appeal.   Not moving to dismiss the appeal and allowing a special term to pass, waived his right.   The authorities of the appellant fully covers the point, to which may be added 2 *E. D. Smith*, 139 ; 27 *Howard*, 335.

The appellant is entitled to judgment upon the appeal, vacating and dismissing the proceedings of the common council, with costs of appeal.